**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

CRISTIAN F.J.Z.,

                         Petitioner,              Civil No. 26-3469 (JRT/DTS)

v.

TODD BLANCHE, *Attorney General of the United States*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. VENTURELLA*, Acting Director of Immigration and Customs Enforcement*

DAVID EASTERWOOD*, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,*

                         Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Kira A. Kelley, **CLIMATE DEFENSE PROJECT,** Post Office Box 7040, Minneapolis, MN 55407, for Petitioner.

Pedro Del Valle IV and David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Cristian F.J.Z. is a citizen of Ecuador who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota.  On July 31, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate the Fourth and Fifth Amendments of the U.S. Constitution.  Because the Court

concludes that Petitioner's arrest was unlawful, the Court will grant the petition and order Petitioner's immediate release.

## BACKGROUND

### I.    FACTS

Petitioner is a citizen of Ecuador.  (Pet. Writ Habeas Corpus ("Pet.") ¶ 11, July 31, 2026, Docket No. 1.)  He has resided in the United States since approximately November 2023.  (*Id.*)  He has a pending asylum application.  (*Id.* ¶ 12.)

On July 26, 2026, officers from Immigration and Customs Enforcement's ("ICE") Office of Enforcement and Removal Operations ("ERO") "stopped Petitioner's stationary vehicle in [a] McDonald's parking lot by activating their emergency lights and positioning their vehicles in front and back of the Petitioner's sedan."  (Decl. of Seth T. Patrin ("Patrin Decl.") ¶ 6, Aug. 5, 2026, Docket No. 6.)  Officers "ordered [Petitioner] out of the car and told him he was under arrest."  (Pet. ¶ 15.)  Petitioner alleges that he was not provided with a warrant or any reason for his arrest.  (*Id.* ¶ 16.)

Respondents present declaratory evidence that a "ICE/ERO Supervisory Detention and Deportation Officer issued a Warrant for Arrest of Alien, Form I-200, for Petitioner and served Petitioner with the I-200" on July 26, 2026.  (Patrin Decl. ¶ 7.)  It is not entirely clear from the declaration when or where on July 26 Petitioner was served with the I-200 administrative warrant.  (*See id.*)  Respondents concede that "[t]he Form I-200 does not indicate the probable cause basis, which was an administrative error."  (*Id.*)  On the same

day, ICE/ERO transported Petitioner to Sherburne County Jail where he remains detained. (*Id.* ¶ 8.)

## II.   PROCEDURAL HISTORY

On Aug. 5, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, contending in part that his arrest was unlawful under the Fourth Amendment.  (Pet. ¶¶ 50–53.)  The Court directed Respondents to file a reasoned memorandum responding to Petitioner's claims.  (Docket No. 4.)  Federal Respondents timely filed a response.  (Docket No. 5.)

## DISCUSSION

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).  District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

As an initial matter, Respondents argue that because Petitioner has also indicated his intent to exercise his right to a custody redetermination under 8 C.F.R. § 1003.19 (allowing for review of custody and bond determinations by an immigration judge), that Petitioner did not exhaust all administrative remedies prior to filing his habeas petition. But even Respondents admit that "the exhaustion requirement for habeas" is not statutory but rather "a prudential consideration for the Court."  (Resp. at 5, Aug. 5, 2026, Docket No. 5.)  The Court concludes that exhaustion here would be futile because an

Immigration Judge does not have the authority to address Petitioner's Fourth Amendment claim.[1]   The Court, therefore, will proceed to address the merits of the Petition.

Petitioner's arrest was premised on the I-200 administrative warrant served on Petitioner on July 26, 2026, but that warrant was invalid.   ICE's regulations empower officials, "[a]t the time of issuance of [a] notice to appear, or at any time thereafter and up to the time removal proceedings are completed," to arrest a noncitizen and take them into custody "under the authority of Form I-200, Warrant of Arrest."  8 C.F.R. § 236.1.  In this case, however, no valid warrant was issued.  By Respondents' own admission, "[t]he Form I-200 does not indicate the probable cause basis[.]"  (Patrin Decl. ¶¶ 7, 9, Ex. D (I-200 Warrant).)   Accordingly, Petitioner's arrest pursuant to the I-200 warrant was unlawful.[2]

---

[1] *See, e.g.*, *Yu v. Warden of the California City Det. Ctr.*, Civ. No. 26-4075, 2026 WL 1972560, at *4 (E.D. Cal. July 8, 2026) (waiving prudential exhaustion requirement because "[t]he BIA lacks jurisdiction to adjudicate petitioner's constitutional claims, such as the alleged . . . Fourth Amendment violations"); *Matter of H-M-V*, 22 I. & N. Dec. 256, 258 (BIA 1998) ("[T]he jurisdiction of [the BIA], and of the Immigration Judge, is limited by statute and regulation to that which has been delegated by the Attorney General.").

[2] Respondents do indicate an intent to rely on the authority to conduct warrantless arrests under 8 U.S.C. § 1225(b)(2) and 8 U.S.C. § 1357(a).  But even if they had, nothing in the record before the Court demonstrates that Petitioner was likely to escape before a valid warrant could be obtained for his arrest.  *See* 8 U.S.C. § 1357(a)(2) (empowering certain immigration officials to make warrantless arrests of noncitizens with "reason to believe that the [noncitizen] . . . is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest").

The Court therefore turns to the proper remedy.  Because ICE failed to comply with its own regulations when arresting Petitioner, his arrest was unlawful and release is the proper remedy.  *See, e.g.*, *Francisco M.A.*, 2026 WL 1229701, at *3; *Hector J.A.S.*, 2026 WL 1243500 at *3; *Sergio P. v. Bondi*, Civ. No. 26-1538, 2026 WL 497290, at *3 (D. Minn. Feb. 23, 2026); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . .  The typical remedy for such detention is, of course, release.").

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Cristian F.J.Z.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED** as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

2. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.  Respondents must also coordinate with Petitioner's counsel to ensure safe release.

3. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on August 17, 2026**.

-6-

Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: August 13, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge